## 10322

### GRANITEVILLE MANUFACTURING COMPANY v. RENEW.

(102 S. E. 18.)

1. LANDLORD AND TENANT—PROCEEDING BY COMPANY TO EJECT TENANT EMPLOYEE ON THREE DAYS' NOTICE VALID.—A manufacturing company properly proceeded, under Civ. Code 1912, sec. 3509, on 3 days' notice, to eject from its house its employee and tenant, occupying under contract to pay 70 cents a week rent and to surrender possession on the day when he ceased to work for the company, section 3508, providing for 10 days' notice, not applying as governing the ejectment of tenants at will, domestic servants, and common laborers at the time of its enactment in 1866, while the employee was a tenant holding over after he quit work.

2. LANDLORD AND TENANT—QUESTION OF OCCUPANCY AS TENANT OR AS INCIDENT TO EMPLOYMENT ONE OF FACT.—In proceedings by an employer to eject an employee tenant from its house, the question being whether Civ. Code 1912, sec. 3508, or section 3509, applies, in every case it is a matter of fact whether the occupier is in the house as a tenant, or merely as incidental to his work for the master, and the determination of such question depends on all the circumstances attendant on the transaction.

3. LANDLORD AND TENANT—EMPLOYEE WHOSE TENANCY IS INCIDENTAL TO EMPLOYMENT SUBJECT TO EJECTMENT ON TERMINATION OF EMPLOYMENT.—If a manufacturing company's employee was not a tenant of its house, but was only an incidental occupant, he was liable to immediate ejectment by the manufacturing company when he ceased to work for it; Civ. Code 1912, sec. 3508, giving the right to 10 days' notice, having express reference to tenants at will, domestic servants, and common laborers.

4. APPEAL AND ERROR—ISSUE NOT MADE IN INTERMEDIATE COURT IS NOT BEFORE SUPREME COURT.—An issue, not made in the five exceptions before the Circuit Court on appeal from a magistrate and a jury, is not properly before the Supreme Court.

5. MAGISTRATES—SUPPLYING ABSENT JURORS WITHOUT CONTINUANCE.—
In proceedings before a magistrate and a jury, under Civ. Code
1912, sec. 3509, to eject from a dwelling house, where, when two
of the six jurors were reported *non est*, and the constable pro-
ceeded to supply two others pursuant to statute, the magistrate prop-
erly overruled motion for continuance until the next day, on the
ground there should not be further procedure in the matter.

6. MAGISTRATES—CHARACTER OF OCCUPANCY IN PROCEEDINGS TO EJECT
TENANT QUESTION FOR JURY.—In proceedings before a magistrate
and a jury, under Civ. Code 1912, sec. 3509, to eject from a
dwelling house, the issue of the character of the occupant's holding,
whether as tenant or not, having been one of fact, the magistrate had
no right to declare to the jury the character of the occupancy.

Before McIVER, J., Aiken, Spring term, 1919.   Affirmed.

Proceeding to eject from a dwelling house by the Gran-
iteville Manufacturing Company against Harvey Renew.
From judgment for plaintiff, defendant appeals.

*Mr. John F. Williams,* for appellant, submits: *That all
the testimony shows that the appellant entered the house in
question under "a contract to serve another," as is said in
section 3508, which says, such an occupant "shall show
cause before him at the expiration of ten (10) days from
the personal service of such notice." The relation of land-
lord and tenant does not obtain where a person enters under
such circumstances:* R. C. L., vol. XVI, pp. 578-582-583;
Am. & English Ann. Cases 1916c, pages 1110-1111-1113.
*If appellant was a tenant at all, he was a weekly tenant, and
he was certainly entitled to a week's notice:* Cyc., vol. XXIV,
p. 1385; R. C. L., vol. XVI, p. 1174 (section 695).   *The
notice attempted to be given by the respondent, was not
given on Saturday requiring vacation on the following
Saturday; but it was given on Thursday, requiring vacation
on Saturday, and it falls because of that fact:* R. C. L., vol.
XVI, p. 1174 (section 696).   *The failure of the magistrate
to declare the law to the jury was error:* 58 S. C., p. 92.

*Messrs. Hendersons,* for respondent, submit: *A finding
of fact in the magistrate's Court by a jury, and sustained by*

*the Circuit Court, is conclusive of the case on the facts:* 99 S. E. (415), p. 828. *A custom becomes a part of a contract to rent:* Taylor's Landlord & Tenant, sec. 540; 1st Hill's Law, p. 358; 104 S. C. 380; 104 S. C. 439. *Even if the magistrate failed to declare the law in his charge to the jury it was harmless error, because the facts of the case showed that the verdict was correct:* 109 S. C. 245. *The procedure in this case was properly brought under section 3509, Civil Code, 1912, vol. I, 98 S. E. O. 798. The Circuit Judge found that Renew was a tenant at a specific rent, reserved, for a time, to be measured by the time of service, in the mill, and has also specifically found that the tenancy had terminated by the fact of Renew leaving the mill, and this finding of fact "is final:"* 99 S. E. 828; Code of Civil Procedure, sec. 407. *Whether a person holding a house and lot is a tenant or a servant because he also serves in a factory, is a question that has been considerably discussed, and there are some outside decisions both ways, but we submit to the Court that the vital question in the determination of that matter, is whether he was paying rent:* 1 Spear's Law Report, p. 429; 100 S. C. 366; 42 Am. Dec., pp. 122-131.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Proceeding before a magistrate and jury under section 3509 of the Code of Laws to eject a person from a dwelling house. The jury found that the plaintiff was entitled to have the defendant ejected from the house and premises in dispute; the Circuit Court concluded that a warrant of ejectment ought to issue; the defendant has appealed from that judgment.

The controversy arises out of these circumstances: Renew was a worker in the cotton mills at Graniteville. These workers, according to the custom common in the mills of this State, occupy, while they work in the mill, houses sup-

plied to them by the mill company, and they generally pay
therefor a stated rent.  The defendant was discharged
from the service of the mill, and was paid his wages, less
the rent due.  The mill company notified him to quit the
house he occupied within three days, and he declined to
do so.

The appellant has argued three questions : (1) That all the
testimony shows that Renew was in, not as tenant, but as a
servant; that his occupancy of the house and lot was but
incidental to that service, and that, therefore, his right rests
under section 3508 of the Code of Laws, which allows him
10 days' notice, which he had not, in the place of 3 days'
notice, which he had; (2) that the jury box was not rightly
prepared; (3) that the magistrate did not declare the law to
the jury.

A practical difference betwixt the plaintiff's contention
that Renew was a tenant holding over (section 3509) and
Renew's contention that he was a servant occupying (sec-
tion 3508) lies in the matter of 3 or 10 days' notice to quit.
For no matter in what capacity Renew occupied the prem-
ises, they are not his, and he is bound to give them up,
sooner or later, on demand of the owner.  So at last the
question is one of procedure, not so much what one's right
is as how one shall procure his right.

We are of the opinion that the proceeding was properly
brought under section 3509.  It is manifest from the his-
tory of the times and the words of the statute that section
3508, first enacted in 1866, was made to govern the
ejectment of tenants at will, domestic servants, and
common laborers of the class then occupying those
relationships.  The instant is not such a case.  Renew was
not (1) a tenant at will of the mill company; he was under
contract to occupy the house so long as he labored in the
mill; nor (2) was he under contract with the mill company
as a domestic servant or common laborer.  Section 3509,
first enacted in 1878, is of wider application than the act of

1866. It expressly includes in its terms "all cases:" (1) Where tenants hold over after the expiration of the contract for rent; and (2) all cases where the tenant (before expiration of the contract) shall be in arrears of rent. In the instant case Renew was manifestly a tenant. The return to the notice so recites in *totidem verbis*. He occupied a house and lot of the mill company under a contract, and the contract was that he would pay 70 cents per week rent, and that he would surrender possession, not in one week or four, but on the day when he ceased to work in the mill. The contract expired when he quit work, and he was thereafter in as one holding over after the expiration of a contract for rent.

In every case it is a matter of fact whether the occupier is in a house (1) as a tenant or (2) merely as incidental to his work for a master; and the determination of it, as of most issues of fact, depends, not upon one circumstance, but upon all the circumstances attendant upon the transaction. 16 R. C. L. 579. The Circuit Court has found that Renew's relationship was that of tenant; and we concur in that view. But at most the only practical difference between the occupancies referred to rests in the remedy of the owner. In the case of a technical tenant, the landlord must proceed to eject under the terms of the statute. In the case of an incidental occupancy, the master may proceed to elect under the terms of the statute. In the case of an incidental occupancy, the master may proceed summarily, without notice, and use such force as may be necessary to put the occupant out. *Lane v. Electric Co.,* 181 Mich. 26, 147 N. W. 546; Ann. Cas. 1916c, 1108, 16 R. C. L., page 582, par. 57.

If, therefore, Renew was not a tenant at all, and that is the contention of his counsel, but was only an incidental occupier of the house, then he was liable to immediate ejectment when he ceased to work; the statute relied upon by Renew has express reference to tenants.

The appellant has argued another matter.  He says the tenancy (if it was a tenancy) was from week to week, and for the ending of such the occupier was entitled to a week's notice to quit.  But the "return to the magistrate's rule alleged that Renew was tenant "from year to year."  And the issue now above made was not made in the five exceptions before the Circuit Court.  It is, therefore, not properly before us.

The other two questions stated at the outstart must go against the appellant.

The jury was selected pursuant to section 1395 of the Code of Laws.  As to the selection of four of the six jurors no exception seems to have been made; but when two of the six were reported *non est,* and the constable proceeded to supply two others pursuant to the statute, the objection was made that there ought not to have been a further procedure thereabout, but a continuance until the next day.  The magistrate refused the motion; and there was no error in that.

The magistrate left it to the jury to find as a fact whether the occupant held as a tenant or the contrary.  The issue was one of fact; the magistrate had no right to declare to the jury the character of the occupancy.

The judgment of the Circuit Court is affirmed.