## 20143

The STATE, Respondent, v. Harry LEWIS, Appellant

(221 S. E. (2d) 524)

*Richard G. Dusenbury, Esq.,* of Florence, *for Appellant,*

*Messrs. T. Kenneth Summerford, Sol.,* of Florence, and *Sidney S. Riggs, III, Asst. Atty. Gen.,* of Columbia, *for Respondent,*

January 6, 1976.

RHODES, Justice.

This is an appeal from the lower court's denial of a motion by appellant-defendant, Harry Lewis, to dismiss the prosecution because law enforcement officers refused to affirmatively assist him in obtaining a blood test after he refused to take a breathalyzer test. We affirm.

Lewis was arrested in Florence County for driving under the influence of intoxicating liquors. He was taken to the Florence County Jail and asked to submit to a breathalyzer test. Lewis refused to take the test and asked for a blood test instead. The breathalyzer operator, Patrolman Harrelson, told Lewis that he would assist him in procuring a blood test only if he first submitted himself to a breathalyzer test.

On September 23, 1974, Lewis was tried and convicted of driving under the influence, third offense, and sentence was imposed. At the commencement of the trial, Lewis moved, unsuccessfully, for a dismissal of the prosecution.

Lewis charges the lower court with error in refusing his motion to dismiss the prosecution on the ground that law

enforcement officers failed to assist him in obtaining a blood test. While there is grave doubt that the lower court had the authority to grant the motion in the form and at the stage of trial in which it was presented [see *Ex parte State, In re Brittian,* 263 S. C. 363, 210 S. E. (2d) 600 (1974)], we proceed to a consideration of the merits.

We first consider the contention that S. C. Code Ann. § 46-344(a) (1962), required Patrolman Harrelson to assist Lewis in contacting a qualified person to give him a blood test. The clear language of the statute requires assistance to be given only to a person who has taken the breathalyzer test. "[T]hat person" in the fourth paragraph of subjection (a)[1] refers to a person whose breath has been tested by law enforcement officers. This conclusion is inescapable when the statute is read in its entirety. Lewis was not a person tested and, therefore, was not entitled to the mandatory assistance provided by § 46-344(a).

We next treat the contention that under the due process clause of the Fourteenth Amendment to the U. S. Constitution, Patrolman Harrelson was required to affirmatively aid Lewis in obtaining a blood test. Lewis argues that the failure to assist him thwarted his opportunity to procure evidence favorable to him and, thus, constituted a denial of due process.

We are of the opinion that Lewis was entitled to a reasonable opportunity to obtain a blood test even though he refused to take the breathalyzer test. Although § 46-344 does not expressly give a person this right, we do not construe the statute as depriving a person arrested for driving under the influence, who refuses to take a breathalyzer test, of a reasonable opportunity to obtain a blood test. However, we do not agree that Lewis was not afforded a reasonable opportunity because Harrelson refused to affirmatively assist him. What is reasonable will, of course, depend on the circumstances of each case.

---

[1] "The arresting officer or the person conducting the chemical test of the person apprehended shall promptly assist *that person* to contact a qualified person to conduct additional tests." (Emphasis added.)

The facts in the instant case are not in dispute. Lewis was given the opportunity to use the telephone before and after he refused to take the breathalyzer test. He was able, in the opinion of the arresting officer, to locate the name of a doctor in the telephone book. On one occasion Lewis did make a telephone call but made no ararngements for a blood test. The law enforcement officers did nothing to prevent Lewis from obtaining a blood test.

We conclude under these facts that Lewis was afforded a reasonable opportunity to obtain a blood test but failed to use it. His due process rights, therefore, were not violated by the actions of the law enforcement officers.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.