482 S.E.2d 781

The CITY OF COLUMBIA, Respondent,

v.

James H. ERVIN, III, Appellant.

No. 2631.

Court of Appeals of South Carolina.

Submitted Jan. 7, 1997.
Decided Feb. 3, 1997.
Rehearing Denied March 20, 1997.

H. Jackson Gregory, of Gregory & Gregory, Columbia, for appellant.

Thomas E. Ellenburg and David E. Belton, Assistant City Attorneys, both of The Office of the City Attorney, Columbia, for respondent.

HEARN, Judge:

James H. Ervin, III, appeals his conviction for driving under the influence. We affirm.[1]

## FACTS

On October 16, 1994, Officer M.E. Bartley, of the City of Columbia Police Department, arrested Ervin for driving under the influence of alcohol and for possession of an open container of alcohol in a moving vehicle. Officer Johnson–Daniels, the first officer on the scene, testified that Ervin drove onto the median while attempting a right turn, and ran a stop sign. Officer Daniels testified Ervin was unsteady on his feet when he got out of the car and had a high odor of alcohol about his person. She further testified Ervin exhibited slurred speech. Another officer at the scene testified that Ervin cursed the officers, made verbal threats toward them, and tried to kick the window of the patrol car.

Upon arriving at the police station, Ervin refused to take the breathalyzer test. He then requested that he be taken to Richland Memorial Hospital (RMH) for a blood alcohol test. Officer Bartley drove Ervin to RMH. At the hospital, the triage nurse informed Ervin that the hospital had a policy that would not allow it to take blood tests unless specifically directed to do so by a police officer. Officer Bartley refused to request a blood test on Ervin's behalf. At trial, Officer Bartley testified that the Police Department does not specifically request a blood test unless the suspect is incapable of giving a breath sample, or is suspected of being under the influence of narcotics. Bartley then drove Ervin back to the detention center. During cross examination, the following colloquy took place:

> Defense: How many times have you ever taken somebody to Richland Memorial Hospital for a blood test?
>
> Bartley: In my eight years in doing this job, probably two or three.
>
> Defense: So you were aware of the procedures at the Richland Memorial Hospital concerning ...

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

City: Your Honor, I would object to that, Your Honor. He's talking about entire history of cases that he's been involved with and we're trying Mr. Ervin here today and not indicate [sic] (inaudible) . . .

Court: Sustained.

The jury subsequently found Ervin guilty of both charges and he was sentenced to six months imprisonment and a $456 fine, suspended on the condition that he see a mental health counselor once a week and that he avoid "further difficulties with the law for one year."

Ervin appealed his conviction to the circuit court, arguing that the trial court erred in finding he was given a reasonable opportunity to obtain an independent blood test. The circuit court judge affirmed the conviction.

## I.

Ervin first argues the trial court erred in refusing to allow him to question Officer Bartley as to whether he was aware of the hospital's policy concerning blood alcohol tests. We note this issue may not have been properly preserved for appeal because Ervin made no proffer of the excluded testimony. Normally, the party objecting to the exclusion of evidence at trial must make a proffer of the excluded evidence in order to preserve the issue for appeal. *State v. Roper*, 274 S.C. 14, 20, 260 S.E.2d 705, 708 (1979). Moreover, we believe the trial judge properly sustained the objection to this line of questioning. Because Ervin specifically requested to be taken to RMH, Officer Bartley's knowledge of RMH's policy with respect to blood tests was irrelevant. Most certainly, Officer Bartley did not have an affirmative duty to apprise Ervin of RMH's policy.

## II.

Ervin next argues the trial court erred in finding he was given a reasonable opportunity to obtain an independent blood test. We disagree.

Under this State's implied consent statute, any person who operates a motor vehicle in South Carolina gives implied consent to chemical tests of his or her breath, blood, or urine

if arrested for driving under the influence. S.C.Code Ann. § 56–5–2950(a) (Supp.1996). The statute further provides:

> The person tested or giving samples for testing may have a qualified person of his own choosing conduct additional tests at his expense and must be notified of that right.... The arresting officer shall provide *reasonable assistance* to the person to contact a qualified person to conduct additional tests. (emphasis added).

■ Under this statute, however, an officer does not have a duty to give affirmative assistance to anyone who has *refused* a breathalyzer test. *State v. Lewis,* 266 S.C. 45, 221 S.E.2d 524 (1976). The supreme court held in *Lewis* that a person who refuses the breathalyzer test is entitled only to a *reasonable opportunity* to obtain a blood test. *Id.* at 48, 221 S.E.2d at 526. Moreover, the courts of this state have consistently held that mere access to a telephone book and a telephone, by which the accused could make arrangements for testing, constituted reasonable opportunity. *See State v. Sullivan,* 310 S.C. 311, 426 S.E.2d 766 (1993) (ample time and means to telephone to make arrangements for independent testing constituted reasonable opportunity); *State v. Degnan,* 305 S.C. 369, 371, 409 S.E.2d 346, 348 (1991) (access to telephone sufficient to show reasonable opportunity); *State v. Lewis,* 266 S.C. 45, 48, 221 S.E.2d 524, 526 (1976) (access to a telephone and telephone book sufficient to show reasonable opportunity).

In *State v. Masters,* 308 S.C. 433, 418 S.E.2d 552 (1992), our supreme court held that the accused was denied a reasonable opportunity to obtain a blood test where the officer agreed to transport the accused to the hospital, but received a call *en route* to the hospital ordering him to return to the jail. *Id.* at 434, 418 S.E.2d at 553. However, we find *Masters* distinguishable from the present case. In *Masters,* the defendant took the breathalyzer test, but the machine malfunctioned. *Id.* He was then transported to another town for a second attempt at a breathalyzer test. That machine also malfunctioned. *Id.* Finally, the officer agreed to transport the defendant to a hospital to obtain a blood test, but was ordered to return to the police station before they reached the hospital. *Id.*

The court found, "under unique facts such as these, where the officer transports the defendant to two different locations in aborted efforts to administer the breathalyzer test and where the officer affirmatively undertakes to procure a blood test for the defendant, then the officer terminates that affirmative undertaking without any explanation or excuse, the officer has effectively denied the defendant the reasonable opportunity to obtain a blood test." *Id.* at 435, 418 S.E.2d at 553.

In the present case, Officer Bartley rendered affirmative assistance to Ervin beyond what is required by *Lewis* and its progeny. Ervin specifically requested to be taken to RMH and Officer Bartley complied with that request. Unlike the officer in *Masters*, Officer Bartley made a breathalyzer test available to Ervin on the terms requested by Ervin. We decline to hold that the Officer was required to do more.

### III.

Finally, Ervin argues the trial court erred in denying his motion to suppress the evidence that he refused to take the breathalyzer test. Ervin argues the introduction of such evidence was prejudicial in light of the fact that he was unable to obtain an independent blood test. We disagree.

It is not error to admit into evidence a defendant's refusal to submit to a breathalyzer test. *State v. Miller*, 257 S.C. 213, 185 S.E.2d 359 (1971). Moreover, in light of the overwhelming evidence of his intoxication, Ervin has shown no prejudice in the admission of his refusal to submit to the breathalyzer. *See State v. Degnan*, 305 S.C. 369, 409 S.E.2d 346 (1991).

Accordingly, the decision of the trial court is

**AFFIRMED.**

STILWELL and HOWARD, JJ., concur.