**The CITY OF COLUMBIA, Respondent,**

**v.**

**James H. ERVIN, III, Petitioner.**

**No. 24786.**

Supreme Court of South Carolina.

Heard March 18, 1998.

Decided May 11, 1998.

---

H. Jackson Gregory, of Gregory & Gregory, Columbia, for petitioner.

Thomas E. Ellenburg, Columbia, for respondent.

BURNETT, Justice:

Petitioner James H. Ervin, III, was convicted in Respondent the City of Columbia's (City's) municipal court of first offense driving under the influence (DUI). The circuit court and the Court of Appeals affirmed. *The City of Columbia v. Ervin*, 325 S.C. 644, 482 S.E.2d 781 (Ct.App.1997). The Court granted Ervin a writ of certiorari to review the decision of the Court of Appeals.

## FACTS

Prior to trial, Ervin moved to quash the arrest warrant, arguing he had not been given a reasonable opportunity to obtain an independent blood test. The parties stipulated Ervin had refused to take the datamaster test after his arrest and specifically stated he wanted to be taken to Richland Memorial Hospital (RMH) for an independent blood test. The arresting officer transported petitioner to RMH. A nurse at the hospital informed Ervin and the officer it was RMH's policy to perform blood tests only at the request of the arresting officer. The arresting officer did not request the blood test.[1]

During the motion hearing, Ervin argued "for the officer to take him to the hospital and not request the blood test when the whole purpose of (sic) trip down there was to get one, then he just put the defendant in a Catch 22 ... The officer prohibited him from being able to get that independent test...." Although Ervin presented no evidence the arresting officer knew RMH's policy, he argued the arresting officer should have been charged with knowledge of the hospital's

---

1. Police department policy permits an officer to request a blood test if the defendant is unable to provide a breath sample as a result of injury or if the defendant is suspected of using narcotics.

policy and, therefore, the "reasonable opportunity" provided by the officer was illusory. Ervin further maintained the officer denied him a reasonable opportunity to obtain an independent blood test by refusing to take him to Baptist Medical Center (BMC) after RMH refused to provide the test.[2] The trial judge concluded the officer had provided Ervin with a reasonable opportunity to obtain an independent blood test and denied Ervin's motion to quash the arrest warrant.

During trial, Ervin asked the arresting officer if he had instructed the nurse at RMH to perform the blood test. The arresting officer answered negatively. Thereafter, Ervin questioned the officer as to whether he was aware of RMH's policy regarding blood tests. The trial judge sustained the City's objection. Ervin did not proffer the arresting officer's testimony.

## ISSUES

I.   Did the Court of Appeals err by ruling the trial judge properly sustained the City's objection?

II.   Did the Court of Appeals err by concluding Ervin had been provided a reasonable opportunity to obtain an independent blood test?

III.   Did the Court of Appeals err by affirming the denial of Ervin's motion to suppress the evidence of his refusal to take the datamaster test?

## I.

On appeal to the Court of Appeals, Ervin argued the trial judge erred by sustaining the City's objection to his question regarding the arresting officer's knowledge of RMH's blood testing policy. The Court of Appeals noted "this issue may not have been properly preserved for appeal because Ervin made no proffer of the excluded testimony," but nonetheless addressed the merits of Ervin's argument. *Id.* at 647, 482 S.E.2d at 783.

The Court of Appeals should not have addressed the merits of this issue. During his intermediate appeal before the

---

2.   Trial testimony indicated BMC will perform a blood test at the suspect's request.

circuit court Ervin argued, *inter alia,* the trial judge erred in denying his pretrial motion to quash the arrest warrant. Ervin did not raise the evidentiary issue to the circuit court. *Graniteville Manufacturing Co. v. Renew,* 113 S.C. 171, 102 S.E. 18 (1920) (an issue not raised by exception to an intermediate appellate court cannot be raised for the first time in the Supreme Court).

Moreover, Ervin failed to proffer the officer's testimony as to his knowledge of RMH's policy. Accordingly, this issue was not preserved for appellate review. *State v. Cabbagestalk,* 281 S.C. 35, 314 S.E.2d 10 (1984) (failure to make an offer of proof precludes consideration of an issue on appeal); *State v. Roper,* 274 S.C. 14, 260 S.E.2d 705 (1979) (a reviewing court may not consider error alleged in the exclusion of testimony unless the record on appeal shows fairly what the rejected testimony would have been). We vacate that portion of the Court of Appeals' opinion which addresses the merits of Ervin's evidentiary issue.

## II.

■ On appeal to the Court of Appeals, Ervin argued the arresting officer interfered with his attempt to procure an independent blood test by 1) refusing to request the test at RMH and 2) refusing to transport him to BMC.[3] The Court of Appeals concluded the officer provided Ervin with a reasonable opportunity for an independent blood test where he "made a breathalyzer test[4] available to Ervin on the terms requested by Ervin. We decline to hold that the Officer was required to do more." *City of Columbia v. Ervin, supra* at 649, 482 S.E.2d at 784.

■ An arresting officer does not have a duty to affirmatively assist a defendant who refuses to take a breathalyzer test with obtaining independent tests. Instead, a defendant who refuses to take a breathalyzer test is only entitled to a

---

3. Petitioner also argued the arresting officer was required to inform him of the parameters of a reasonable opportunity. This issue was not raised to the trial court and is not preserved for review. *State v. Johnson,* 324 S.C. 38, 476 S.E.2d 681 (1996).

4. We assume the Court of Appeals meant to refer to a blood test.

"reasonable opportunity" to obtain an independent blood test.[5] *State v. Lewis,* 266 S.C. 45, 221 S.E.2d 524 (1976). A reasonable opportunity does not include the affirmative duty to procure a blood test for a defendant who has not taken a breathalyzer test. "What is reasonable will, of course, depend on the circumstances of each case." *Id.* at 48, 221 S.E.2d at 526. In some situations, the provision of a telephone and telephone book constitutes reasonable opportunity. *State v. Sullivan,* 310 S.C. 311, 426 S.E.2d 766 (1993); *State v. Degnan,* 305 S.C. 369, 409 S.E.2d 346 (1991); *State v. Lewis, supra.*

In *State v. Masters,* 308 S.C. 433, 418 S.E.2d 552 (1992), the arresting officer attempted to give the suspect a breathalyzer test at two different locations; both machines malfunctioned. The officer then agreed to transport the suspect to the hospital for a blood test. However, on the way to the hospital, the officer received a call on the police radio and returned with the suspect to the police station without having obtained the blood test. The Court determined "under the unique facts such as these, ... where the officer affirmatively undertakes to procure a blood test for the defendant, then the officer terminates that affirmative undertaking without any explanation or excuse, the officer has effectively denied the defendant the reasonable opportunity to obtain a blood test." *Id.* at 435, 418 S.E.2d at 553.

By transporting Ervin to RMH, the arresting officer provided Ervin with more reasonable assistance than required since Ervin had refused to take the datamaster test. Nonetheless, unlike the officer in *Masters,* the arresting officer did not agree to procure a blood test for Ervin, but, rather to simply transport Ervin to RMH as Ervin had requested. Accordingly, the officer was not required to either request the blood test at RMH or to transport Ervin to BMC. Consequently, we agree in result with the opinion of the Court of Appeals.

■ However, we vacate that portion of the Court of Appeals' opinion which suggests that by complying with the

---

5. South Carolina Code Ann. § 56-5-2950 (Supp.1997) provides "[t]he arresting officer shall provide reasonable assistance to the person to contact a qualified person to conduct additional tests." "The person" has been interpreted to mean a person who has submitted to a breathalyzer test. *State v. Lewis,* 266 S.C. 45, 221 S.E.2d 524 (1976).

terms of the suspect's request for an independent blood test, an officer automatically provides a reasonable opportunity for a test. This is not always the case. For instance, if Ervin had shown the arresting officer had knowledge of RMH's policy of refusing blood tests at the request of a suspect, the officer's transportation of Ervin to the hospital would not have been reasonable.

### III.

Ervin argues the Court of Appeals erred in affirming the denial of his motion to suppress evidence of his refusal to take the datamaster test because he was not given a reasonable opportunity to obtain an independent blood test. As noted above, Ervin was given a reasonable opportunity to obtain a blood test. There was no error in the admission of Ervin's refusal to take the datamaster test. Moreover, as found by the Court of Appeals, in light of the overwhelming evidence of his intoxication, Ervin was not prejudiced by the admission of his refusal to take the datamaster test.[6]

The decision of the Court of Appeals is **AFFIRMED AS MODIFIED.**

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.

---

6. One police officer testified she observed Ervin disregard a stop sign then drive his vehicle onto the median while making a right-hand turn. Officers testified Ervin appeared unsteady, had an odor of alcohol about his person, and used profanity. A RMH nurse testified Ervin was verbally and physically abusive to the arresting officer and appeared to be intoxicated.