SCREENING REPORT

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
State of South Carolina,       
Appellant,
 
 
 

v.

 
 
 
Bruce Charles Tice,       
Respondent.
 
 
 

Appeal From Edgefield County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2003-UP-652
Submitted August 20, 2003  Filed November 
 13, 2003   

REVERSED

 
 
 
Eugene Hamilton Matthews, of Blythewood, Frank L. Valenta, Jr., of Blythewood, 
 for Appellant
Elmer W. Hatcher, Jr., of Aiken, for Respondent.
 
 
 

PER CURIAM:  Bruce Charles Tice was charged 
 with driving under the influence.   He was convicted in magistrates court, 
 but his conviction was reversed on appeal to the circuit court.  The State appeals.  
 We reverse.
FACTUAL/PROCEDURAL HISTORY
South Carolina Highway Trooper David Hamilton 
 was driving down a rural road in Edgefield County on his way home from work 
 when he saw headlights in the woods and a truck down an embankment.    Hamilton 
 noticed Tice attempting to rock the vehicle.   Hamilton approached Tice and 
 asked if Tice was alright.  Tice appeared intoxicated and his response to Hamilton 
 did not make sense.   Hamilton arrested Tice for driving under the influence 
 (DUI) and placed Tice in his patrol car.  Trooper Taylor arrived on the scene, 
 and Hamilton turned Tice over to Taylor.   Hamilton continued home, while Taylor 
 transported Tice for administration of the breathalyzer test.   Tice refused 
 to take the test. 
At trial before the magistrate, Hamilton 
 testified regarding the events leading up to the arrest.   He stated he did 
 not give Tice field sobriety tests because he did not believe Tice could pass 
 the tests.    After Hamiltons testimony, Tice objected to any testimony by 
 Taylor regarding the breathalyzer test because the test was not administered 
 by the arresting officer as required by statute.   The magistrate overruled 
 the objection, and Taylor testified regarding Tices refusal to take the test.   
 Tice was convicted of DUI. 
Tice appealed his DUI conviction to the circuit 
 court, arguing, in part, that the magistrate erred in allowing testimony regarding 
 the breathalyzer test because the test was not administered by the arresting 
 officer as required by statute.   The circuit court judge agreed that Tices 
 refusal to consent to the breathalyzer test should not have been admitted at 
 trial.  Relying on the order from another circuit court judge in the 1992 case 
 of Criswell v. State, 92-CP-19-181, the judge in Tices appeal reversed 
 the conviction.   The judge cited language from the order in Criswell 
 that the implied consent law requires that the breathalyzer test must be administered 
 at the direction of the arresting officer.   The judge in Tices appeal recognized 
 the DUI statutes had been amended since Criswell was decided, but he 
 held the reasoning was still appropriate.   The State appeals.  
ISSUE
Whether the circuit court erred in reversing the 
 conviction on the grounds that an officer other than the arresting officer was 
 permitted to testify that Tice refused the breathalyzer test ? 
DISCUSSION
The State argues the circuit court judge 
 erred in reversing Tices DUI conviction on the ground the arresting officer 
 did not direct Tice to have a breathalyzer test.  
In criminal appeals from magistrate or municipal 
 court, the circuit court does not conduct a de novo review, but instead reviews 
 for preserved error raised to it by appropriate exception.  State v. Henderson, 
 347 S.C. 455, 457, 556 S.E.2d 691, 692 (Ct. App. 2001) (citations omitted).  
 On appeal, this Courts review is limited to the correction of errors of law.  
 Id.
The implied consent statute provides that 
 a person who drives in South Carolina impliedly consents to the testing of his 
 or her breath or blood for the presence of alcohol or drugs.  S.C. Code Ann. 
 § 56-5-2950 (Supp. 2002).  Certain procedures must be followed in administering 
 the test before the results may be admitted at trial.  The statute provides 
 as follows:

A breath test must be administered at the direction of 
 a law enforcement officer who has arrested a person for driving a motor vehicle 
 in this State while under the influence of alcohol, drugs, or a combination 
 of them. At the direction of the arresting officer, the person first 
 must be offered a breath test to determine the persons alcohol concentration.

S.C. Code Ann. § 56-5-2950(a) (emphasis added).  
 This statute has been interpreted to mean that the breathalyzer test need not 
 be offered or given by the arresting officer, but that it should be offered 
 or given at the arresting officers direction.  Kelly v. South Carolina Dept 
 of Highways, 323 S.C. 333, 474 S.E.2d 443 (1996).  In order for the results 
 of the breathalyzer test to be admissible, the State must lay a foundation by 
 proving that (1) the machine was working properly; (2) the correct chemicals 
 had been used; (3) the accused did not place anything in his mouth twenty minutes 
 prior to testing; and (4) a qualified person properly administered the test.  
 State v. Parker, 271 S.C. 159, 245 S.E.2d 904 (1978).   
Although no South Carolina appellate court 
 cases have decided the issue of admissibility of breathalyzer test results when 
 the test was not administered at the direction of the arresting officer, the 
 circuit courts order in the case of Criswell v. State, 92-CP-19-181, 
 discussed this issue.  Because the arresting officer was not the person who 
 directed that Criswell be given the breathalyzer test, the circuit court found 
 the State failed to comply with the specific language of the implied consent 
 statute and, thus, the results of the test should not have been admitted.  The 
 circuit court reversed Criswells conviction. 
The question in this case, however, concerns the 
 admission of evidence that Tice withdrew his implied consent by refusing to 
 take the breathalyzer test.  Our courts have repeatedly held that the admission 
 of the defendants refusal to submit to a breathalyzer test does not violate 
 his or her constitutional rights.  State v. Jansen, 305 S.C. 320, 322, 
 408 S.E.2d 235, 237 (1991) (holding the revocation of an accuseds implied consent 
 to submit to the breathalyzer test is constitutionally admissible as prosecutorial 
 evidence at the trial pursuant to that arrest); State v. Kerr, 330 S.C. 
 132, 151-52, 498 S.E.2d 212, 222 (Ct. App. 1998) (A defendants constitutional 
 rights are not violated by the admission of testimony of the defendants failure 
 to submit to a chemical test designed to measure the alcoholic content of his 
 blood.); City of Columbia v. Ervin, 325 S.C. 644, 649, 482 S.E.2d 781, 
 784 (Ct. App. 1997), affd as modified, 330 S.C. 516, 500 S.E.2d 483 
 (1998) (It is not error to admit into evidence a defendants refusal to submit 
 to a breathalyzer test.).   
The circuit court judge in the present 
 case erred in several respects.  Because Tice did not submit to a breathalyzer 
 test, the requirement that the arresting officer direct that the test be given 
 and the foundation requirements of Parker do not apply.  The circuit 
 court judge erred in relying upon Criswell, a circuit court order that 
 has no precedential value and did not concern the admission of a refusal to 
 submit to the test.  Further, our cases make it clear that a defendants refusal 
 to submit to the breathalyzer test is admissible.  The circuit court judge in 
 the present case committed an error of law in reversing Tices conviction.  
 Accordingly, we reverse.  
CONCLUSION
Because the circuit court judge committed an error of law, the circuit courts 
 order reversing Tices conviction is 
 REVERSED.  
HEARN, C.J., CONNOR and ANDERSON, JJ., 
 concur.