THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 John Anthony
 Liberto, Appellant.
 
 
 

Appeal From Horry County
 Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2011-UP-589
 Submitted November 1, 2011  Filed
December 21, 2011    

AFFIRMED

 
 
 
 Johnny Gardner and Jonathan Hiller, both of Conway, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Christina J. Catoe, all of Columbia; and Solicitor J. Gregory
 Hembree of Conway, for Respondent.
 
 
 

PER CURIAM:  John Anthony Liberto appeals his simple
 assault conviction, arguing the circuit court erred in (1) affirming the
 magistrate court's denial of his motion for a directed verdict and (2) considering
 the merits of his appeal.  We affirm.[1]
1.  We find the State presented sufficient evidence to deny
 Liberto's motion for a directed verdict.  In addition to an unlawful attempt to
 commit a violent injury upon another with the present ability to complete the
 attempt by a battery, South Carolina recognizes a criminal assault when a
 person by words and conduct intentionally creates a reasonable apprehension of
 bodily harm in another.  See State v. Sutton, 340 S.C. 393,
 397-98, 532 S.E.2d 283, 285 (2000).  Here, the State presented evidence Liberto
 threatened and charged towards the victim causing him to retrieve a weapon in
 self-defense; therefore, the circuit court did not err in denying Liberto's
 directed verdict motion.  Additionally, despite Liberto's inability to carry
 out one of the threats against the victim because of the absence of the
 victim's family, the State presented evidence that Liberto assaulted the victim
 prior to ever making a threat concerning the victim's family.  Thus, the State
 presented sufficient evidence to support affirming the magistrate court's
 denial of Liberto's directed verdict.  
2.  As to Liberto's issue concerning the circuit court improperly
 considering the jury's finding of guilt, Liberto failed to raise this issue to
 the circuit court; therefore, it is not preserved for our review.  See City
 of Columbia v. Ervin, 330 S.C. 516, 519-20, 500 S.E.2d 483, 485 (1998)
 (noting an issue is not preserved for review where the defendant fails to raise
 the issue to the circuit court as an intermediate appellate court).
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.