**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

City of Columbia, Appellant,

v.

Carol A. Davis, Respondent.

Appellate Case No. 2012-211166

———————————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-117
Heard March 4, 2013 – Filed March 20, 2013

———————————

**AFFIRMED**

———————————

David Amado Fernandez, of the Office of the City Attorney, of Columbia, for Appellant.

John A. O'Leary, of O'Leary & Associates, P.A., of Columbia, for Respondent.

———————————

**PER CURIAM:** This appeal arises out of Respondent Carol A. Davis' driving under the influence (DUI) arrest. The circuit court affirmed the municipal court's dismissal of the DUI charge. On appeal, the City of Columbia argues: (1) the municipal court and circuit court erred in finding that a second affidavit was not in compliance with section 56-5-2953 of the South Carolina Code (2006); (2) the

circuit court erred in applying *City of Rock Hill v. Suchenski*, 374 S.C. 12, 646 S.E.2d 879 (2007) to affirm the municipal court's dismissal; (3) the municipal court erred in suppressing the DataMaster breath test results; and (4) the municipal court erred in suppressing the breath test site video. We affirm.

1. As to the City's claim that the affidavit complies with section 56-5-2953 because the second affidavit was submitted more than one year before the first hearing and the proper course to rectify any confusion or prejudice would have been to allow the testimony of the officer as to which affidavit was applicable to this case, we find no error. *See Suchenski*, 374 S.C. at 15, 646 S.E.2d at 880 (noting the appellate court's review in criminal cases is limited to correcting the order of the circuit court for errors of law); *State v. Sweat*, 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010) ("All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute."); *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 342, 713 S.E.2d 278, 283 (2011) ("When a statute is penal in nature, it must be strictly construed against the State and in favor of the defendant."); § 56-5-2953(A) (stating that a person who operates a vehicle while under the influence of alcohol "must have his conduct at the incident site and the breath test site videotaped"); § 56-5-2953(B) ("Failure by the arresting officer to produce the videotapes required by this section is not alone a ground for dismissal of any charge made pursuant to Section 56-5-2930, 56-5-2933, or 56-5-2945 *if the arresting officer submits a sworn affidavit certifying that the videotape equipment* at the time of the arrest, probable cause determination, or breath test device *was in an inoperable condition*, stating reasonable efforts have been made to maintain the equipment in an operable condition, and certifying that there was no other operable breath test facility available in the county or, in the alternative, submits a sworn affidavit certifying that it was physically impossible to produce the videotape because the person needed emergency medical treatment, or exigent circumstances existed." (emphases added)). Moreover, both affidavits conflict with one another and neither identify the case in any way such as by defendant's name, vehicle, case number, or any other manner. Accordingly, we find no abuse of discretion. *See State v. Brown*, 401 S.C. 82, 87, 736 S.E.2d 263, 265 (2012) ("The admission or exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion." (citation omitted)).

2.  As to the City's remaining issues on appeal, we find these issues are not preserved.  *See State v. Porter*, 389 S.C. 27, 37, 698 S.E.2d 237, 242 (Ct. App. 2010) ("The general rule of issue preservation is if an issue was not raised to and ruled upon by the trial court, it will not be considered for the first time on appeal."); *Suchenski*, 374 S.C. at 16, 646 S.E.2d at 880 (noting an appellate court "cannot determine error regarding an issue not addressed by the circuit court"); *City of Columbia v. Ervin*, 330 S.C. 516, 519-20, 500 S.E.2d 483, 485 (1998) (holding that the court of appeals erred in addressing an issue when the party did not raise the issue in its appeal before the circuit court).

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**