**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

William A. Ferrara, Appellant.

Appellate Case No. 2011-200006

Appeal From Hampton County
Stephanie P. McDonald, Circuit Court Judge

Unpublished Opinion No. 2013-UP-427
Submitted October 1, 2013 – Filed November 20, 2013

**AFFIRMED**

William A. Ferrara, pro se, of New Ellenton.

Solicitor Roberts Vaux, Jr., of Bluffton, for Respondent.

**PER CURIAM:** William A. Ferrara appeals the circuit court's order affirming the magistrate court's conviction of reckless driving. Ferrara argues the circuit court erred in failing to find the magistrate court erred in: (1) denying his motion to compel discovery; (2) refusing to grant a continuance and appoint counsel; (3) denying his motion to subpoena Sheriff Thomas Smalls; (4) refusing to declare a mistrial after ex parte communications between the magistrate court and the State

on May 25, 2011; (5) refusing to declare a mistrial after ex parte communications between the magistrate court and the State that "result[ed] in the magistrate court's failure to honor a duly requested subpoena and abuse of judicial discretion"; (6) refusing to declare a mistrial after the State's inappropriate gestures to the jury; (7) refusing to dismiss the action after prosecutorial misconduct; (8) erroneously admitting Deputy Craig Smith's hearsay testimony, failing to instruct the jury to disregard this testimony during their deliberation, and attempting to mislead the circuit court in its return "by stating that [Ferrara] did not object to any evidence submitted by the State during the trial to include [Smith's] direct testimony"; (9) failing to suppress evidence presented by the State after the State rested its case; (10) erroneously admitting Deputy Smith's hearsay testimony and failing to instruct the jury to disregard this testimony during their deliberation; (11) failing to permit closing arguments before jury deliberations; (12) denying his motion for a directed verdict; (13) knowingly admitting false and intentionally misleading testimony into evidence; and (14) failing to sign its return and failing to provide a copy of the return prior to or during the circuit court appeal.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issues one, three, four, five, eight, ten, and twelve: *State v. Henderson*, 347 S.C. 455, 457, 556 S.E.2d 691, 692 (Ct. App. 2001) ("In criminal appeals from magistrate or municipal court, the circuit court does not conduct a de novo review, but instead reviews for preserved error raised to it by appropriate exception.  In reviewing criminal cases, this court may review errors of law only." (emphasis and internal citation omitted)); *Bowers v. Thomas*, 373 S.C. 240, 244, 644 S.E.2d 751, 753 (Ct. App. 2007) ("[This court] will presume that an affirmance by a [c]ircuit [c]ourt of a magistrate's judgment was made upon the merits where the testimony is sufficient to sustain the judgment of the magistrate and there are no facts that show the affirmance was influenced by an error of law." (quoting *Burns v. Wannamaker,* 281 S.C. 352, 357, 315 S.E.2d 179, 182 (Ct. App. 1984))); *Allendale Cnty. Sheriff's Office v. Two Chess Challenge II*, 361 S.C. 581, 585, 606 S.E.2d 471, 473 (2004) ("When there is any evidence, however slight, tending to prove the issues involved, [the appellate court] may not question a magistrate court's findings of fact that were approved by a circuit court on appeal.").

2.  As to issues seven, nine, eleven, and fourteen: *Graniteville Mfg. Co. v. Renew,* 113 S.C. 171, 176, 102 S.E. 18, 19 (1920) (holding an issue not raised before the circuit court on appeal from a magistrate is not properly before the appellate court); *City of Columbia v. Ervin,* 330 S.C. 516, 519-20, 500 S.E.2d 483, 485

(1998) (holding an issue not raised in an intermediate appeal cannot be considered in a subsequent appeal to the court of appeals or supreme court).

3.  As to issues two, six, and thirteen: *State v. Tyndall*, 336 S.C. 8, 16, 518 S.E.2d 278, 282 (Ct. App. 1999) ("Conclusory arguments constitute an abandonment of the issue on appeal."); *State v. Jones*, 344 S.C. 48, 58-59, 543 S.E.2d 541, 546 (2001) (stating an argument is deemed abandoned on appeal when conclusory and without supporting authority); *State v. Howard*, 384 S.C. 212, 217-18, 682 S.E.2d 42, 45 (Ct. App. 2009) (finding an argument abandoned where the defendant failed to cite any authority in specific support of his assertion that the trial court erred in denying his motion for a mistrial).

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.