**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tamara Gaylord, Appellant,

v.

Ronnie Gainey, Respondent.

Appellate Case No. 2022-000626

———————

Appeal From Clarendon County
R. Ferrell Cothran, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-058
Submitted February 14, 2024 – Filed February 21, 2024

———————

**AFFIRMED**

———————

Tamara Gaylord, of Sumter, pro se.

William Ceth Land, of Land Parker Welch LLC, of Manning, for Respondent.

———————

**PER CURIAM:** Tamara Gaylord appeals an order of the circuit court affirming the magistrate court's order, which held Ronnie Gainey was entitled to the eviction of Gaylord. On appeal, Gaylord argues the circuit court erred by affirming the magistrate court's order because the magistrate court (1) violated her right to due process, (2) violated federal law by holding a hearing, and (3) erred by allowing a

hearing based on a retaliatory eviction. We affirm pursuant to Rule 220(b), SCACR.

As to issue 1, we hold Gaylord's due process rights were not violated. Gaylord had notice of the hearing, was represented by counsel at the hearing, and her attorney had the right to call witnesses, cross-examine witnesses, and present evidence. *See Parks v. Characters Night Club*, 345 S.C. 484, 490, 548 S.E.2d 605, 608 (Ct. App. 2001) ("The Court of Appeals will presume that an affirmance by a Circuit Court of a magistrate's judgment was made upon the merits whe[n] the testimony is sufficient to sustain the magistrate's judgment and there are no facts that show the affirmance was influenced by an error of law."); *id.* ("We therefore look to whether the Circuit Court order is controlled by an error of law or is unsupported by the facts."); *Hadfield v. Gilchrist*, 343 S.C. 88, 94, 538 S.E.2d 268, 271 (Ct. App. 2000) ("Unless we find an error of law, we will affirm the [circuit court's] holding if there are any facts supporting [its] decision."); *Clear Channel Outdoor v. City of Myrtle Beach*, 372 S.C. 230, 235, 642 S.E.2d 565, 567 (2007) ("Due process requires (1) adequate notice; (2) adequate opportunity for a hearing; (3) the right to introduce evidence; and (4) the right to confront and cross-examine witnesses."). As to Gaylord's remaining arguments to issue 1, we hold they are not properly before us on appeal because there is no evidence Gaylord raised them before the magistrate court and the circuit court. *See State v. Bailey*, 368 S.C. 39, 43-44, 626 S.E.2d 898, 900 (Ct. App. 2006) (holding, in an appeal from magistrate's court to circuit court, where an issue was never brought to the attention of the circuit court, it was not appropriate for this court to review the issue); *City of Columbia v. Ervin*, 330 S.C. 516, 519-20, 500 S.E.2d 483, 485 (1998) (holding the Court of Appeals should not have addressed the merits of an issue on appeal because the issue was not raised to the circuit court as the intermediate appellate court and therefore could not be raised for the first time in our Supreme Court or Court of Appeals).

As to issue 2, to the extent Gaylord is arguing that the magistrate court's August 2021 hearing should not have been held because she was in poor health and had a direct exposure to Covid-19 prior to the hearing, we hold these arguments are not properly before us on appeal because the record on appeal does not support that these arguments were raised to and ruled on by the circuit court. *See Bailey*, 368 S.C. at 43-44, 626 S.E.2d at 900 (holding, in an appeal from magistrate's court to circuit court, where an issue was never brought to the attention of the circuit court, it was not appropriate for this court to review the issue); *Ervin*, 330 S.C. at 519-20, 500 S.E.2d at 485 (holding the Court of Appeals should not have addressed the merits of an issue on appeal because the issue was not raised to the circuit court as the intermediate appellate court and therefore could not be raised for the first time

in the Supreme Court or Court of Appeals). To the extent Gaylord contends the magistrate court's August 2021 hearing should not have been held because there was a federal moratorium on evictions pursuant to the CDC Order issued on August 3, 2021, we hold this issue is barred by the two-issue rule. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 328, 730 S.E.2d 282, 284 (2012) ("Under the two[-]issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become law of the case." (quoting *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010))). Although Gaylord challenged the magistrate court's ruling that she was not a covered person under the federally issued eviction moratorium on appeal to the circuit court, the circuit court affirmed the magistrate court's ruling and also held that Gaylord's claim of protection by the moratorium was moot because the eviction moratorium had been stayed by the United States Supreme Court in Order No. 21A23, issued on August 26, 2021. The record on appeal does not establish that Gaylord argued against this ruling at the circuit court, nor does Gaylord include an argument against mootness in her appellate brief to this court. *See Hill v. S.C. Dep't of Health & Envtl. Control*, 389 S.C. 1, 22 n.11, 698 S.E.2d 612, 623 n.11 (2010) ("[T]he circuit court has the authority to hear motions to alter or amend when it sits in an appellate capacity and such motions are required to preserve issues for appeal where the circuit court fails to rule on an issue."). Accordingly, this argument is procedurally barred by the two-issue rule.

As to issue 3, there is no evidence Gaylord raised this issue before the magistrate court and the circuit court. Accordingly, this issue is not properly before us on appeal. *See Bailey*, 368 S.C. at 43-44, 626 S.E.2d at 900 (holding, in an appeal from magistrate's court to circuit court, where an issue was never brought to the attention of the circuit court, it was not appropriate for this court to review the issue); *Ervin*, 330 S.C. at 519-20, 500 S.E.2d at 485 (holding the Court of Appeals should not have addressed the merits of an issue on appeal because the issue was not raised to the circuit court as the intermediate appellate court and therefore could not be raised for the first time in the Supreme Court or Court of Appeals).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.