PEOPLE v DEWEY

Docket No. 100576. Submitted December 8, 1987, at Grand Rapids. Decided October 17, 1988.

Harold F. Dewey was arrested for operating a vehicle while under the influence of intoxicating liquor after his vehicle was stopped by the state police and he refused to perform field sobriety tests. Dewey was transported to the Barry County Jail and advised of his chemical test rights. After consulting an attorney, he consented to take a Breathalyzer test and requested an independent blood test. Four attempts to administer a Breathalyzer test proved unsuccessful and Dewey was told that he had not performed the test as directed and that such action constituted a nonverbal refusal to submit to the test. Dewey was then denied an independent blood test. He was charged in district court with operating a vehicle while under the influence of intoxicating liquor. Dewey moved to quash the information and dismiss the charge against him on the ground that the state violated his due process rights by denying him a reasonable opportunity to obtain a timely test of his blood-alcohol level. The district court denied his motion. The Barry Circuit Court on appeal affirmed the denial of the motion, Richard M. Shuster, J. Defendant appealed by leave granted.

The Court of Appeals *held:*

1. Defendant's constitutional right to due process was not violated in this case since he was not denied a reasonable opportunity to obtain a chemical sobriety test and the state did not withhold any material and exculpatory evidence. It is not a denial of a defendant's due process rights to deny the defendant's request for a blood test after the defendant has refused a requested Breathalyzer test.

2. Defendant's contention that the OUIL statute gives an

REFERENCES

Am Jur 2d, Criminal Law §§ 712, 713.

Am Jur 2d, Searches and Seizures § 29.

Validity, construction, and application of statutes directly proscribing driving with blood-alcohol level in excess of established percentage. 54 ALR4th 149.

Admissibility in criminal case of blood-alcohol test where blood was taken despite defendant's objection or refusal to submit to test. 14 ALR4th 690.

accused the right to have a person of his own choosing administer a blood-alcohol test regardless of whether the accused first submits to the test requested by a police officer is rejected. The statute makes the right to an independent test contingent upon submitting to the test requested by a police officer. Defendant's motion to quash and dismiss was properly denied.

Affirmed.

1. CONSTITUTIONAL LAW — CRIMINAL LAW — BLOOD-ALCOHOL TESTS — DUE PROCESS.

It is not a denial of a defendant's due process rights to deny the defendant's request for a blood test after the defendant has refused to take a requested Breathalyzer test (US Const, Am XIV; Const 1963, art 1, § 17).

2. CRIMINAL LAW — OPERATING A VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR — BLOOD-ALCOHOL TESTS.

The right of a person suspected of operating a vehicle while under the influence of intoxicating liquor to take an independent chemical test to determine blood-alcohol level is contingent upon submitting to a chemical test requested by a police officer (MCL 257.625a[5]; MSA 9.2325[1][5]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Judy H. Hughes,* Prosecuting Attorney, and *Marilyn S. Meyer,* Assistant Prosecuting Attorney, for the people.

*A. Ray Kalliel* and *David Schoolenberg,* for defendant.

Before: MAHER, P.J., and GRIBBS and L. F. SIMMONS,* JJ.

GRIBBS, J. Defendant appeals by leave granted from the circuit court's order affirming the district court's denial of his motion to quash and dismiss the charge of operating a motor vehicle while under the influence of liquor (OUIL), MCL 257.625(1); MSA 9.2325(1), brought against him. We affirm.

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

On May 15, 1985, defendant's vehicle was stopped by Michigan State Trooper Robert Norris. After defendant refused to perform certain field sobriety tests, Norris arrested defendant for OUIL. Defendant was transported to the Barry County Jail and advised of his chemical test rights. Specifically, defendant was read the following standard form:

> *After* taking a chemical test administered at the request of a peace officer, you have a right to demand that a person of your own choosing administer a breath, blood or urine test. You are responsible for obtaining a chemical analysis of a test sample taken by a person of your own choosing. [Emphasis added.]

Defendant was asked to take a Breathalyzer test. He consented to take the test after consulting an attorney by telephone. Defendant also requested an independent blood test and he testified that it was his understanding that he could have the blood test regardless of whether he took the Breathalyzer test.

Breathalyzer operator Michael Lesick made four attempts to administer the Breathalyzer test to defendant, but a proper breath sample could not be obtained and defendant was told that his conduct constituted "a nonverbal refusal because he did not perform the test as directed." Defendant testified that he was then informed by the arresting officer that he was denied a blood test. Defendant was allowed to call his attorney again and the attorney testified that defendant said the police were not going to allow him a blood test. Officer Lesick testified that if it were up to him he would not have allowed defendant the opportunity for a blood test. Trooper Norris said that if Lesick had not determined that defendant had refused

the Breathalyzer test, he would have afforded defendant an opportunity for a blood test. While Norris' testimony was somewhat contradictory and he could not "remember the specifics" or recall "the details," Norris stated that he would have allowed defendant to make arrangements to have a doctor come down to the jail in spite of the fact that defendant did not take the Breathalyzer test although there is no testimony that Norris informed defendant of this.

Defendant contends that the state violated his due process rights by denying him a reasonable opportunity to obtain a timely test of his blood-alcohol level. Defendant cites a number of cases in his brief that center on the issue of reasonable opportunity to obtain a chemical sobriety test. The facts of this case do not support a finding that defendant was denied a reasonable opportunity, since he had access to a telephone and, indeed, telephoned his attorney twice.

Defendant also asserts that imposition of the requirement that defendant submit to a police-requested blood-alcohol test, as a condition precedent to obtaining his own test, placed a material obstacle to obtaining exculpatory evidence in his path in contravention of his constitutional right to due process of law. We disagree.

Both the federal and state constitutions, US Const, Am XIV; Const 1963, art 1, § 17, guarantee an individual the right to due process of law. Criminal prosecutions must comport with the prevailing notions of fundamental fairness. *California v Trombetta,* 467 US 479, 485; 104 S Ct 2528; 81 L Ed 2d 413 (1984). This standard of fairness requires that a defendant be afforded a meaningful opportunity to present a complete defense. *Id.* at 485. To protect this right, an "area of constitutionally guaranteed access to evidence" has emerged

from the United States Supreme Court. *United States v Valenzuela-Bernal,* 458 US 858, 867; 102 S Ct 3440; 73 L Ed 2d 1193 (1982).

The Michigan courts have not decided whether submission to a police-requested test, as a prerequisite to obtaining one's own blood-alcohol test, is a deprivation of the accused's constitutional rights. At least one other jurisdiction has, however, opined on this question and we find its decision instructive.

In *State v Zoss,* 360 NW2d 523 (SD, 1985), the South Dakota Supreme Court ruled that it was not a denial of the defendant's due process rights to deny the defendant's request for a blood test after the defendant refused the requested Breathalyzer test. The court held that there was nothing fundamentally unfair in this procedure and that it did not deny the defendant a meaningful opportunity to present a complete defense since the state did not withhold any exculpatory evidence.

> There was *no assurance* the blood test *would be exculpatory.* It may have been to the contrary. The same may be said of the requested breath test. If she had wanted possible exculpatory evidence, she could have consented to the breath test which may have been exculpatory and still had a chance of getting a possible exculpatory blood test. There is nothing fundamentally unfair in this procedure, nor did it deny her a "meaningful opportunity to present a complete defense." In fact, she would have had *two chances* at getting possible exculpatory evidence. [Emphasis added. *Id.* at 525.]

The South Dakota Supreme Court had decided in an earlier case that due process rights are not violated unless evidence, which is both material and exculpatory, is withheld. The court concluded:

> Here the State did not withhold any exculpatory

evidence. The appellant withheld the evidence (her breath) under the implied consent law, not the State. [*Id.*]

We are persuaded that the *Zoss* decision is correct and we conclude that defendant's constitutional right to due process was not violated in this case.

We also disagree with defendant's second claim of error. Defendant contends that the OUIL statute gives an accused the right to have a person of his own choosing administer a blood-alcohol test regardless of whether the accused first submits to the test requested by a police officer. Defendant's contention is based on his interpretation of MCL 257.625a(5); MSA 9.2325(1)(5), as amended, which provides:

> The tests shall be administered at the request of a peace officer having reasonable grounds to believe the person has committed a crime described in subsection (1). A person who takes a chemical test administered at the request of a peace officer, as provided in this section, shall be given a reasonable opportunity to have a person of his or her own choosing administer 1 of the chemical tests described in this section within a reasonable time after his or her detention, and the results of the test shall be admissible and shall be considered with other competent evidence in determining the innocence or guilt of the defendant. If the person charged is administered a chemical test by a person of his or her own choosing, the person charged shall be responsible for obtaining a chemical analysis of the test sample. The person charged shall be informed that he or she has the right to demand that a person of his or her choosing administer 1 of the tests provided for in subsection (1), that the results of the test shall be admissible and shall be considered with other competent evidence in determining the innocence or guilt of the defen-

dant, and that the person charged shall be responsible for obtaining a chemical analysis of the test sample.

Two panels of this Court have previously addressed this very same argument. In *Broadwell v Secretary of State,* 158 Mich App 681, 686; 405 NW2d 120 (1987), this Court held that, pursuant to the statute, the right of an accused to obtain an "independent" chemical test was conditioned upon the taking of a chemical test administered at the request of police officers. Similarly, in *People v Einset,* 158 Mich App 608, 612; 405 NW2d 123 (1987), lv den 428 Mich 893 (1987), this Court held that the statute, as amended, makes the right to an "independent" test contingent upon submitting to the test requested by a police officer.

We agree with the interpretation given by these two panels and we conclude that the lower court properly denied defendant's motion to quash and dismiss the charge in this case.

Affirmed.