STATE of Iowa, Appellant,

v.

Jerry Eugene OAKLEY, Appellee.

No. 90–1307.

Supreme Court of Iowa.

May 15, 1991.

Bonnie J. Campbell, Atty. Gen., David A. Ferree, Acting Sp. Asst. Atty. Gen., and Mark Hunacek and Mike Wallace, Asst. Attys. Gen., for appellant.

Bradley Norton of Norton & Norton, Lowden, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and ANDREASEN, JJ.

HARRIS, Justice.

A driver accused of operating a motor vehicle while intoxicated refused to submit to a blood test but did allow withdrawal of blood with the intention of submitting it for independent analysis. The specimen was left with the county sheriff. The question is whether the State could seize the specimen and have it analyzed for prosecution purposes. The trial court determined it could not and suppressed the test results. We reverse and remand.

Defendant Jerry Oakley requested he be allowed the independent test provided by Iowa Code section 321J.11 (1991).[1] The parties do not dispute, and we do not decide, whether the procedure for an independent test can be demanded in the absence of a submission to a test administered by the officer. *But see State v. Zoss*, 360 N.W.2d 523, 525 (S.D.1985) (submission to State's test a condition precedent to demanding an independent one); *People v. Dewey*, 172 Mich.App. 367, 372–73, 431 N.W.2d 517, 520 (1988) (same).

In this case the sheriff at first retained the sample without having it analyzed. Then, some three months after his arrest, Oakley requested return of the blood sample. At that point the county attorney obtained a search warrant, seized the sample from the sheriff and had it tested. The test showed an alcohol concentration of .213, more than twice the level of intoxication proscribed by Iowa Code section 321J.2(1)(b).

After Oakley was charged with second-offense OWI, he moved to suppress the evidence of the blood test. We granted discretionary review of a trial court ruling sustaining the motion.

I. Although Oakley insists otherwise, the State was not required to comply with Iowa Code section 321J.10 in order to take advantage of Oakley's efforts to secure an independent test under section 321J.11. The two sections are not interdependent.

Iowa Code section 321J.10 permits extraction of blood from an unwilling driver under limited circumstances.[2] There was no attempt here to comply with the procedures and time limits of section 321J.10.

The provision for a search warrant in section 321J.10 does not limit the State's authority to obtain a search warrant under the general search warrant provisions of

---

1. The section provides in material part:

The person may have an independent chemical test or tests administered at the person's own expense in addition to any administered at the direction of a peace officer. The failure or inability of the person to obtain an independent chemical test or tests does not preclude the admission of evidence of the results of the test or tests administered at the direction of the peace officer.

2. Under Iowa Code § 321J.10 a search warrant may be issued for chemical testing where a traffic accident has resulted in a probable or actual fatality and there are reasonable grounds to believe the driver was operating in violation of Iowa Code § 321J.2 (OWI).

Iowa Code chapter 808. Indeed, section 321J.10(2) expressly provides that search warrants may be obtained either under the limited circumstances of section 321J.10(3) or in accordance with chapter 808. The legislature obviously did not intend for chapter 321J to preempt chapter 808.

■■■■ II. Oakley also raises a fourth amendment challenge, under the United States Constitution, to the seizure of his withdrawn blood which the trial court should have rejected. The parties seem to concede, and for the purposes of this case we assume without deciding, that a search warrant was necessary for the State to proceed with the test. Even so there was no fourth amendment violation under *Schmerber v. California,* 384 U.S. 757, 772, 86 S.Ct. 1826, 1835–36, 16 L.Ed.2d 908, 920 (1966). Under *Schmerber* and its progeny a person who is appropriately arrested for OWI has no valid fourth amendment objection to submission of body fluid specimens. *State v. Owens,* 418 N.W.2d 340, 344 (Iowa 1988).

The search here was even less intrusive than an actual withdrawal of blood, breath or urine from a human body. Moreover defendant's blood was *voluntarily* offered, not forcibly extracted. A legal search conducted pursuant to voluntary consent is not unreasonable and does not violate the fourth amendment. *Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 2047–48, 36 L.Ed.2d 854, 863 (1973).

Under the circumstances here at least, Oakley had no objective basis for claiming an expectation of privacy with respect to the sample. Although Iowa Code section 321J.11 does not require it for independent tests, Oakley did leave the sample with the sheriff. Under the statute there is nothing to have prevented Oakley from retaining control of the sample and, through his own witnesses, establishing the exhibit's chain of custody when he offered his test results at trial.

After the blood was voluntarily withdrawn, and left in the custody of law enforcement officers for three months, Oakley can scarcely claim a right of privacy with respect to it. *See United States v. Thompson,* 837 F.2d 673, 675–76 (5th Cir. 1988), *cert. denied,* 488 U.S. 832, 109 S.Ct. 89, 102 L.Ed.2d 65 (1988).

REVERSED AND REMANDED.