IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 33069

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | Boise, January 2007 Term |
| Plaintiff-Appellant, | ) | |
| | ) | 2007 Opinion No. 54 |
| v. | ) | |
| | ) | Filed: March 29, 2007 |
| JON J. LEWIS, | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| Defendant-Respondent. | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Honorable Juneal C. Kerrick, District Judge.

The decision of the district court is <u>reversed</u>.

Honorable Lawrence G. Wasden, Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued

Molly J. Huskey, State Appellate Public Defender, Boise, for respondent. Eric D. Fredericksen argued.

_____

SCHROEDER, Chief Justice.


The State appealed the district court's grant of a motion in limine to suppress evidence relating to an alleged confession. The Court of Appeals reversed the district court. This Court granted review.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Lewis was arrested on an outstanding warrant during a routine traffic stop when he was driving with two passengers. A search of the vehicle incident to the arrest revealed methamphetamine under one of the seats. After being taken to jail, Lewis, allegedly waived his right to remain silent and confessed to the arresting officer that the methamphetamine belonged

to him. No other person was present during his interrogation. The officer made audio recordings of both the traffic stop and the subsequent interrogation.

Lewis was charged with possession of a controlled substance under I.C. § 37-2732(c)(1). He requested copies of the audio recordings, but for unknown reasons the audio files could not be located on the police department's computer system where the officer had attempted to save them. Lewis filed a motion in limine to suppress evidence of his statements to the officer. The district court granted the motion on the grounds that the loss of the recordings violated Lewis' right to due process. The Court of Appeals reversed, holding that the exculpatory value of the recordings was unknown and that the district court's finding that the officer had not acted in bad faith precluded finding a due process violation. Lewis petitioned for review.

## II.
## STANDARD OF REVIEW

On review of a case decided by the Court of Appeals, the Supreme Court directly reviews the decision of the trial court, but gives serious consideration to the views of the Court of Appeals. *State v. Kerrigan*, 143 Idaho 185, 187, 141 P.3d 1054, 1056 (2006). The trial court's factual findings are entitled to deference unless they are clearly erroneous, but the determination as to whether constitutional requirements have been satisfied is freely reviewed. *State v. Donato*, 135 Idaho 469, 470, 20 P.3d 5, 6 (2001).

## III.
## THE CLAIM THAT ALL CUSTODIAL CONFESSIONS
## MUST BE RECORDED IS MOOT

Lewis argues that the due process clause of the Idaho Constitution requires that all custodial confessions be recorded.[1] Alaska has adopted such a position under the Alaska Constitution. *Stephan v. State*, 711 P.2d 1156, 1158 (Alaska 1985) ("[W]e hold that an unexcused failure to electronically record a custodial interrogation conducted in a place of detention violates a suspect's right to due process, under the Alaska Constitution, and that any statement thus obtained is generally inadmissible."). Idaho rejected the *Stephan* rule in *State v. Rhoades*, 119 Idaho 594, 601, 809 P.2d 455, 462 (1991) (Johnson, J., concurring):

> We cannot accept the contention that in order to be admissible, statements made
> in custody must be tape recorded by the police. The defense cites an Alaska case,

---

[1] No such requirement inheres under federal law. *United States v. Smith-Baltiher*, 424 F.3d 913, 925-26 (9th Cir. 2005).

[*Stephan*], holding that custodial confessions must be tape recorded in order to be admissible under the due process clause of the Alaska State Constitution. That case represents no more than the prerogative of each state to extend the protections of its own constitution beyond the parameters of federal constitutional guarantees. We decline to adopt Alaska's standard in Idaho.

*Accord State v. Rhoades*, 121 Idaho 63, 73, 822 P.2d 960, 970 (1991); *State v. Rhoades*, 120 Idaho 795, 804-05, 820 P.2d 665, 674-75 (1991). Every other state that has considered the issue has similarly declined to reach such a rule on due process grounds.

Alternatively, Lewis urges the Court to exercise its supervisory power and hold that all questioning shall be recorded when electronically feasible and must be recorded when questioning occurs at the place of detention. Two states have taken this approach. *State v. Scales*, 518 N.W.2d 587, 592 (Minn. 1994) ("[I]n the exercise of our supervisory power to insure the fair administration of justice, we hold that all custodial interrogation . . . shall be electronically recorded where feasible and must be recorded when questioning occurs at a place of detention."); *In re Jerrell C.J.*, 699 N.W.2d 110, 113 (Wis. 2005) ("[W]e exercise our supervisory power to require that all custodial interrogations of juveniles in future cases be electronically recorded where feasible, and without exception when questioning occurs at a place of detention.").

These arguments are moot. Lewis' statements were recorded. The problem is that they cannot be retrieved.

## IV.
## THE DISTRICT COURT ERRED IN SUPPRESSING EVIDENCE OF LEWIS' STATEMENTS

The prosecution disclosed the fact that Lewis' statements to the officer had been recorded, but the prosecution was unable to retrieve the recordings. *Cf.* I.C.R. 16(b)(1) (requiring prosecution to disclose and permit inspection of any relevant written or recorded statement by the defendant in the possession, custody or control of the state).

The due process clause of the Fourteenth Amendment requires that criminal prosecutions comport with prevailing notions of fundamental fairness. Fundamental fairness requires a meaningful opportunity to present a complete defense, which in turn requires "what might loosely be called the area of constitutionally guaranteed access to evidence." *California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532 (1984) (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867, 102 S.Ct. 3440, 3447 (1982)). Under this doctrine the

3

state has a duty to disclose to the defendant all material exculpatory evidence known to the state or in its possession. *Brady v. Maryland*, 373 U.S. 83, 86-88, 83 S.Ct. 1194, 1196-97 (1963); *Grube v. State*, 134 Idaho 24, 27, 995 P.2d 794, 797 (2000); *cf. United States v. Agurs*, 427 U.S. 97, 111-12, 96 S.Ct. 2392, 2401 (1976). Implicit in this duty to disclose exculpatory evidence is a duty to preserve such evidence for use by the defense. *See State v. Fain*, 116 Idaho 82, 92, 774 P.2d 252, 262 (1989) (citing *People v. Hitch*, 527 P.2d 361 (Cal. 1974)).

Destruction of evidence is not a per se violation of a defendant's rights and depends upon the nature of the proceeding, nature of the evidence, and the circumstances surrounding the destruction of the evidence. *Garcia v. State Tax Comm'n of the State of Idaho*, 136 Idaho 610, 615, 38 P.3d 1266, 1271 (2002). In a criminal context, this Court has applied a balancing test which examines: "(1) whether the evidence was material to the question of guilt or the degree of punishment; (2) whether the defendant was prejudiced by the loss or destruction of the evidence; and (3) whether the government was acting in good faith when it destroyed or lost the evidence." *Id.* (quoting *State v. Porter,* 130 Idaho 772, 781, 948 P.2d 127, 136 (1997)). This same standard has been applied in the civil context. *Id.* Where the value of the evidence is known, the person asserting the due process violation has the affirmative burden of establishing the materiality and prejudice elements of the balancing test. *Id.* Where the value of the evidence is unknown, the materiality and prejudice elements are presumed and the inquiry focuses on the presence of bad faith. *Id.*

Lewis presented no evidence regarding the nature of the recording, but he asserted in his motion that he "denies having made the confession indicated in the officer's report." The district court reasoned that the confession was central to the prosecution's case, i.e., that the remaining inculpatory evidence was so limited in quantity and quality that the confession was vital to obtaining a conviction, and the recordings therefore became extremely important to Lewis. The police officer testified that the recording contained inculpatory evidence. Lewis asserts by motion that the statements were not inculpatory. Lewis failed to prove exculpatory value, but that is not preclusive of his claim if there was bad faith in the destruction of evidence.

Bad faith is more than mere negligence. *Id*. It refers to "a calculated effort to circumvent the disclosure requirements" under *Brady*. *Trombetta*, 467 U.S. at 488, 104 S.Ct. at 2533.

The district court found that the officer acted in good faith, stating:

4

> Given the [police department] policy that required the preservation of recordings such as the one at issue here, the loss of this recording, although in good faith, cannot be in accord with the normal practice of the [police department]. Therefore, the loss of the recording cuts against Defendant's right to due process in this case.

The evidence is that the officer attempted to comply with department policy requiring the preservation of recordings. There was no showing that the loss was attributable to the officer's misfeasance. A deviation from normal practice can indicate bad faith. Loss of the recording in this case was unintentional. There is no indication that the officer was attempting to prevent Lewis from having access to the recording. An inadvertent departure from normal practice, without more, does not rise to the level of bad faith. The district court's statement that the loss of the recording "although in good faith" was not "in accord with the normal practice of the police department" and therefore "cuts against" due process does not constitute the finding of bad faith required to substantiate a due process violation.

Lewis argues that the district court should be upheld on the theory that the police department itself was guilty of bad faith in failing to maintain a system that would reliably preserve potential evidence. In reaching its decision that the loss of the recording "cuts against" due process, the district court relied in part on the officer's statement that it was not uncommon for recordings to be inexplicably lost. The practice of recording interrogations is likely to be at least as helpful to the police as it is to defendants. *See State v. Bennett*, 142 Idaho 166, 170, 125 P.3d 522, 526 (2005) (noting that the prosecution and the defense each suffer the same disability when potential evidence of unknown exculpatory value is not available for testing). Without some indication that the government has acted suspiciously with respect to a particular item or category of potential evidence, there is no basis for finding a due process violation. There is no such indication in this case.

## V.
## CONCLUSION

The district court's decision to suppress evidence of Lewis' alleged confession is reversed.

Justices TROUT, EISMANN, BURDICK and JONES **CONCUR**.

5