**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 36723**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **2010 Opinion No. 43** |
| **Plaintiff-Respondent,** | ) | |
| | ) | **Filed: June 14, 2010** |
| **v.** | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| **BRADLEY D. GREEN,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge; Hon. R. Ted Israel, Magistrate.

District court's appellate decision affirming magistrate court order denying motion to suppress evidence, <u>affirmed</u>.

Brian E. Elkins, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark. W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

LANSING, Chief Judge

Bradley D. Green appeals from the district court's appellate decision affirming the magistrate's order denying Green's motion to suppress evidence of his intoxication that led to his conviction for driving under the influence of alcohol (DUI). Green argues that the evidence should have been suppressed because his state and federal rights to due process[1] were violated when he was prevented from contacting an attorney, despite his repeated requests to do so, after he refused a breath test.

_____

[1]     This Court has held that "the due process guarantees under the federal and state constitutions are substantially the same" and therefore arguments claiming violation of both federal and state due process protections will be addressed together. *State v. Shelton*, 129 Idaho 877, 879, 934 P.2d 943, 945 (Ct. App. 1997).

## II.

## BACKGROUND

On February 17, 2008, at 1:06 a.m., Officer Garth Davis of the Hailey Police Department stopped Green for speeding. Officer Davis observed that Green smelled of alcohol and had glassy and bloodshot eyes and slurred speech. Green admitted to having one drink that night, and Officer Davis asked Green to perform standard field sobriety tests (FSTs). Green said he would not consent to performing FSTs without first speaking with a lawyer, maintaining that stance even after being repeatedly advised that he had no right to consult a lawyer at that point.

Officer Davis arrested Green at 1:28 a.m. and transported him to Blaine County Jail. Once there, Officer Davis asked Green to submit to a breath test to determine breath alcohol concentration and informed Green, in compliance with Idaho Code § 18-8002(3), that a refusal of the test would subject him to a $250 civil penalty and suspension of his driver's license. Green was also informed that he had no right to consult with an attorney before submitting to a breath test, as provided in I.C. § 18-8002(2). Throughout this process Green continued to interrupt Officer Davis to ask for clarification, to ask for advice, to express his fear of the situation, to explain his position, to ask to go to the bathroom, and to contest Officer Davis's repeated assertions that Green did not have a right to consult an attorney. Ultimately, Green declined to submit to a breath test without first speaking to his attorney or having a non-officer witness present. At 2:03 a.m., Officer Davis deemed Green's actions a refusal of the breath test and began preparing an application for a warrant to obtain a blood draw. After a warrant was issued, Green was transported to a hospital at 2:55 a.m., where his blood was drawn at 3:30 a.m. Green continued to request a lawyer during this time but was not allowed to use a telephone. Green was thereafter returned to the Blaine County Jail for the booking process. He bailed out of jail at 4:40 a.m., approximately three and one-half hours after the traffic stop.

Green was charged with misdemeanor DUI, I.C. § 18-8004, and with resisting an officer, I.C. § 18-705. He filed a motion to suppress all the State's evidence of his intoxication, arguing that his constitutional rights were violated by the denial of his repeated requests to speak to an attorney on the night of his arrest. The magistrate court denied the motion. Subsequently, in exchange for the State dismissing the resisting charge, Green entered a conditional guilty plea to DUI, reserving his right to appeal the denial of his suppression motion. Green then challenged the denial of his suppression motion on intermediate appeal to the district court, which affirmed.

Green now appeals to this Court, arguing that his due process rights were violated by the continued denial of his requests to contact an attorney after he had refused the breath test.[2]

## III.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Byington*, 132 Idaho 589, 593, 977 P.2d 203, 207 (1999) (quoting *Bullard v. Sun Valley Aviation, Inc.*, 128 Idaho 430, 432, 914 P.2d 564, 566 (1996)). If the magistrate's findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Losser*, 145 Idaho at 672, 183 P.3d at 760. Although we defer to the trial court's findings of fact if they are supported by substantial evidence, we exercise free review over questions of law. *Id.*; *State v. Madden*, 127 Idaho 894, 896, 908 P.2d 587, 589 (Ct. App. 1995).

Green's claim of a due process violation stems from the police officer's and the magistrate court's application of I.C. § 18-8002, a statute governing the testing of drivers suspected of DUI. The pertinent subsections of I.C. § 18-8002 provide:

> (1) Any person who drives or is in actual physical control of a motor vehicle in this state shall be deemed to have given his consent to evidentiary testing for concentration of alcohol as defined in section 18-8004, Idaho Code, and to have given his consent to evidentiary testing for the presence of drugs or other intoxicating substances, provided that such testing is administered at the request of a peace officer having reasonable grounds to believe that person has been driving or in actual physical control of a motor vehicle in violation of the provisions of section 18-8004, Idaho Code, or section 18-8006, Idaho Code.
>
> (2) Such person shall not have the right to consult with an attorney before submitting to such evidentiary testing.
>
> . . . .
>
> (4) If the motorist refuses to submit to or complete evidentiary testing after the information has been given in accordance with subsection (3) above:

---

[2]  There is no contention that Green was subjected to custodial interrogation and therefore no claim that he had a Fifth Amendment right to counsel under *Miranda v. Arizona*, 384 U.S. 436 (1966).

(e) After submitting to evidentiary testing at the request of the peace officer, he may, when practicable, at his own expense, have additional tests made by a person of his own choosing. The failure or inability to obtain an additional test or tests by a person shall not preclude the admission of results of evidentiary testing for alcohol concentration or for the presence of drugs or other intoxicating substances taken at the direction of the peace officer unless the additional test was denied by the peace officer.

. . . .

(10) A person who submits to a breath test for alcohol concentration, as defined in subsection (4) of section 18-8004, Idaho Code, may also be requested to submit to a second evidentiary test of blood or urine for the purpose of determining the presence of drugs or other intoxicating substances if the peace officer has reasonable cause to believe that a person was driving under the influence of any drug or intoxicating substance or the combined influence of alcohol and any drug or intoxicating substance. The peace officer shall state in his or her report the facts upon which that belief is based.

Green acknowledges that under these provisions of I.C. § 18-8002 and Idaho case law, he had no right to telephone his attorney before submitting to or refusing a breath test. He maintains, however, that his constitutional right to due process was violated when officers continued to deny his request to telephone his attorney after Green had refused to submit to a breath test.

In evaluating this claim of error, we begin with the proposition that the Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees to an accused "the right to a fair opportunity to defend against the State's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). *See also California v. Trombetta*, 467 U.S. 479, 485 (1984). Due process "is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). It imposes a standard of fundamental fairness in criminal proceedings. *Ake v. Oklahoma*, 470 U.S. 68, 76 (1985); *State v. Lewis*, 144 Idaho 64, 66, 156 P.3d 565, 567 (2007); *Schwartzmiller v. Winters*, 99 Idaho 18, 19, 576 P.2d 1052, 1053 (1978). Also foundational to our analysis is the principle that the State is entitled to conduct blood or breath-alcohol concentration tests of drivers suspected of DUI, and neither a suspect's Fifth Amendment right against self-incrimination nor his Fourth Amendment right against unreasonable searches is violated by such testing if it is conducted in a reasonable manner. *Schmerber v. California*, 384 U.S. 757, 767-68 (1966); *State v. Woolery*, 116 Idaho 368, 370-71, 775 P.2d 1210, 1212-13 (1989); *State v. DeWitt*, 145 Idaho 709, 711-12, 184 P.3d 215, 217-18 (Ct. App. 2008).

4

In *State v. Carr*, 128 Idaho 181, 911 P.2d 774 (Ct. App. 1995), we addressed whether Carr's right to due process was violated when the State denied her request to telephone her attorney after she had submitted to a breath test and held her incommunicado for approximately five hours after her arrest. Recognizing the exigency created by the dissipation of evidence as alcohol in the blood metabolizes, we found a constitutional violation. We explained:

> At the outset, we note that the law is clear in Idaho that a driver does not have the right to consult with an attorney prior to submitting to, or refusing to submit to, an evidentiary BAC test. . . . The issue presented in this case, however, is whether Carr's constitutional rights were violated when the State denied her request to telephone her attorney *following* the administration of the State's BAC test.
>
> . . . .
>
> . . . By denying Carr access to a telephone for approximately five hours after her arrest for DUI, the State denied her the means by which she could establish her defense. As recognized by the Idaho Supreme Court, an "inherent exigency" exists in a DUI setting, due to the destruction of the evidence by metabolism of alcohol in the blood. Therefore, the only opportunity for a defendant in a DUI case to gather exculpatory evidence is within a reasonable time following arrest and administration of the State's BAC test. . . . .
>
> As a result, when a person is arrested for DUI and given an evidentiary BAC test, that person must be allowed, at a minimum, to make a phone call upon request to do so. Such contact provides the means through which the arrestee is able to gather evidence tending to refute the State's evidence of intoxication and thereby preserve the "right to a fair opportunity to defendant against the State's accusations."

*Id.* at 183-84, 911 P.2d at 776-77 (citations omitted). We noted that access to a telephone would be necessary in order for the arrestee to arrange for an independent alcohol concentration test or to preserve other exculpatory evidence:

> [T]he person contacted by the arrestee could arrange for a photograph to be taken to demonstrate that the arrestee's eyes were not bloodshot but were clear and white; prepare a tape recording to demonstrate that the arrestee had clear speech; videotape the arrestee to show that he or she has balance and is able to walk in a straight line; perform a gaze nystagmus test to show smooth eye pursuit at all angles; or simply serve as a witness who observed the aforementioned characteristics of sobriety.

*Id.* at 184-85, 911 P.2d at 777-78. We therefore held that use of a telephone must be allowed within a reasonable time following the administration of the State's evidentiary BAC test in order to protect the arrestee's meaningful opportunity to defend against the State's evidence. *Id.* at 185, 911 P.2d at 778. *See also State v. Hedges*, 143 Idaho 884, 887, 154 P.3d 1074, 1077 (Ct. App. 2007).

While it is thus clear that a due process right to take steps to preserve evidence arises after submission to the State's BAC tests, the Idaho appellate courts have not previously been asked to determine whether the same right arises if the defendant has refused to submit to a BAC test requested by the State. There is a split among other jurisdictions that have addressed this issue. Some hold that a DUI arrestee's right to due process is not violated by delaying the arrestee's opportunity to gather evidence until he or she has submitted to the test requested by law enforcement. *Bilbrey v. State*, 531 So. 2d 27, 29 (Ala. Crim. App. 1987), *abrogated on other grounds by State v. Thrasher*, 783 So. 2d 103 (Ala. 2000); *Calnan v. State*, 841 S.W.2d 593, 596-97 (Ark. 1992); *Allen v. State*, 494 S.E.2d 229, 232 (Ga. Ct. App. 1997); *People v. Dewey*, 431 N.W.2d 517, 519-20 (Mich. Ct. App. 1988); *State v. Larivee*, 656 N.W.2d 226, 230-32 (Minn. 2003); *State v. Zoss*, 360 N.W.2d 523, 525 (S.D. 1985). Other jurisdictions hold that this constitutional right to gather independent evidence of sobriety is not dependent upon submission to the State's test. *Snyder v. State*, 930 P.2d 1274, 1277 (Alaska 1996); *McNutt v. Superior Court of State of Arizona*, 648 P.2d 122, 125 n.2 (Ariz. 1982); *Smith v. Cada*, 562 P.2d 390, 392-93 (Ariz. Ct. App. 1977); *State v. Swanson*, 722 P.2d 1155, 1157 (Mont. 1986); *State v. Lewis*, 221 S.E.2d 524, 526 (S.C. 1976).

We conclude that there was no violation of Green's right to due process when he was denied access to a telephone until after the blood draw. Idaho's statutory scheme of implied consent, State testing, and a defendant's right to independent testing, together with case law making clear that the State may not prevent or unreasonably delay the defendant's ability to preserve evidence of sobriety after submission to the State's test, are adequate to safeguard a suspect's due process rights. This statutory scheme facilitates both the State's interests and the defendant's interest in preserving evanescent evidence. By refusing to cooperate with the State-administered breath test, Green intentionally rejected the very protection that the statutory system affords. Before his refusal, Green had been properly informed of his rights and obligations under the implied consent statute and warned of the consequences of a refusal of the breath test.

Green argues, however, that the State exceeded its authority under I.C. § 18-8002 and therefore may not rely upon the provisions of that statute. He argues first that the State did not have a right to draw blood under the implied consent statute because the officer initially elected to use a breath test. The only authority cited by Green for this proposition is I.C. § 18-8002(10), which states that a person who submits to a breath test may be requested to submit to a second

evidentiary test in order to ascertain the presence of drugs if police have reasonable cause to believe that person is under the influence of drugs. Green's reliance on this statute is misplaced. That subsection does not limit authority but, rather, grants authority. Nothing in the statute prohibits an officer from requesting a second evidentiary test where the suspect has refused the first test of choice selected by the officer.

Green also asserts that because the State's blood draw was not done pursuant to the implied consent statute but pursuant to a warrant, the statute's provision denying a right to counsel is inapplicable. Again, the language of the statute does not support this contention. Section 18-8002(2) plainly states that the suspect "shall not have the right to consult with an attorney before submitting to such evidentiary testing." Because Green had not submitted to any evidentiary testing prior to the blood draw, that statutory declaration of no right to consult with counsel remained in effect until after the blood draw.

The Due Process Clause requires procedures that afford fundamental fairness, not procedures that are maximally beneficial to the defendant or that enable the defendant to thwart legitimate State efforts to preserve evanescent incriminating evidence. So long as no undue delay has been caused by the State, we find nothing fundamentally unfair in a procedure that requires a suspect to submit to a State-administered alcohol concentration test before being given access to a telephone to arrange for the preservation of defense evidence. This procedure does not unreasonably burden the right to preserve evidence nor deny a suspect a reasonable opportunity to prepare a defense. Here, any delay in Green's ability to preserve evidence of sobriety was caused by his persistent refusal to accept the information that he was not entitled to telephone an attorney before submitting to a breath test and by his ultimate refusal of that test. There is no evidence in the record that officers refused Green access to a telephone after the State's blood draw was accomplished.[3] Therefore, we find no deprivation of due process.

The district court decision affirming the magistrate court order denying Green's suppression motion is affirmed.

Judge GRATTON **CONCURS.**

---

[3] The evidentiary record is clear that Green was not allowed to use a telephone at any time prior to the blood draw, but the record is silent as to whether or when he was given access to a telephone thereafter. Therefore, the evidence is sufficient to support a claim of deprivation of access to a telephone only through completion of the blood draw.

7

Judge GUTIERREZ, **DISSENTING**

I respectfully dissent from the majority view that it is not fundamentally unfair to prevent an arrestee from preserving evanescent evidence when that individual refuses state-administered BAC testing. I adhere to the line of authorities holding that a DUI arrestee has a due process right to gather independent evidence of sobriety regardless of whether he refuses or submits to a state's BAC test. *Snyder v. State*, 930 P.2d 1274, 1277 (Alaska 1996); *McNutt v. Superior Court of State of Arizona*, 648 P.2d 122, 125 n.2 (Ariz. 1982); *Smith v. Cada*, 562 P.2d 390, 392-93 (Ariz. Ct. App. 1977); *State v. Swanson*, 722 P.2d 1155, 1157 (Mont. 1986); *State v. Lewis*, 221 S.E.2d 524, 526 (S.C. 1976).

The majority holding at first blush appears attractive but, I conclude, does not withstand closer scrutiny. Its flaw is in the fact that an arrestee ultimately cannot (and in this case did not), prevent the state from gaining blood alcohol content evidence and other evidence of intoxication on which to base a prosecution. As this case illustrates, if the arrestee has refused to participate in a breath test, the state retains the option to obtain a blood test to determine alcohol content. The state may obtain a warrant for a blood draw, as was done here, or because of the exigency of dissipation of the evidence through metabolism of the alcohol in the bloodstream, the state may obtain a blood draw without a warrant.[1] *See Schmerber v. California*, 384 U.S. 757, 770-71 (1966); *State v. Woolery*, 116 Idaho 368, 370, 775 P.2d 1210, 1212 (1989); *State v. Robinson*, 144 Idaho 496, 501, 163 P.3d 1208, 1213 (Ct. App. 2007). Therefore, although a suspect's refusal of a breath test makes acquisition of evidence for prosecution more inconvenient, it ordinarily does not prevent the acquisition of even alcohol content evidence. And, of course, the state remains able to preserve other evidence of intoxication such as observation and video or audio recording of such characteristics as slurred speech, reddened eyes, and impaired balance. The state may also utilize the arrestee's refusal of the BAC test as evidence at trial. In short, disallowing a defendant access to a telephone does not advance the state's ability to preserve and present its own case.

Therefore, a breath test refusal does not justify depriving an accused of all meaningful opportunity to gather evidence in his defense. Because of the evanescent nature of the evidence, holding an accused incommunicado for hours after a BAC refusal entirely deprives the accused

---

[1] Idaho courts have also found warrantless blood draws justified by consent via implied consent law. *State v. Diaz*, 144 Idaho 300, 302-03, 160 P.3d 739, 741-42 (2007); *State v. Nickerson*, 132 Idaho 406, 410, 973 P.2d 758, 762 (Ct. App. 1999).

of the ability to preserve potentially exculpatory evidence. *See Smith*, 562 P.2d at 392 (not allowing an arrestee the opportunity to obtain an independent BAC test upon refusal of a state-administered test would be tantamount to suppressing evidence favorable to the arrestee because it would affirmatively prohibit him from obtaining evidence of his sobriety because of the evanescent nature of alcohol in the blood). The state's interest in denying the arrestee access to a telephone, on the other hand, is de minimis once it has been established that the arrestee will not submit to a breath test.

Accordingly, I would hold that a DUI arrestee's due process rights are violated when he is refused the opportunity to obtain independent evidence of sobriety after refusing a state-administered BAC test and would reverse the order denying the motion to suppress evidence.