Judge LANSING,
Concurring in Part and Dissenting in Part.
I fully concur in all parts of the foregoing opinion except Section 11(B)(2)(a) concerning the failure of Stevens’ defense attorneys to discover and present evidence that the child’s eyes were removed after the body was embalmed. If I were able to address this issue on a clean slate, I would also concur in the majority’s opinion affirming the district judge’s finding that defense counsel did not render deficient performance because a competent attorney reasonably would not have sought out the embalming report. We are not, however, writing on a clean slate. Our disposition of this issue in the present post-conviction action must take into account the Idaho Supreme Court majority’s prior decision on a very closely-related issue — whether Stevens was entitled to a new trial based upon newly discovered evidence where the new evidence was the same information about post-embalming removal of the child’s eyes.
In State v. Stevens, 146 Idaho 139, 146, 191 P.3d 217, 224 (2008), as here, it was undisputed that defense counsel were unaware of this evidence until after Stevens’ trial. A majority of the Idaho Supreme Court nevertheless held that Stevens was not entitled to a new trial based upon this evidence because the evidence was not newly discovered. In that opinion, the Supreme Court majority stated that it was applying the four-part test articulated in State v. Drapeau, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976), which requires a defendant seeking a new trial based on newly discovered evidence to demonstrate that: (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the evidence is material, not merely cumulative or impeaching; (3) it will probably produce an acquittal; and (4) failure to learn of the evidence was not due to a lack of diligence on the part of the defendant. Stevens, 146 Idaho at 144, 191 P.3d at 222. Without addressing the fourth prong of the Drapeau test — the due diligence factor — the majority held that the embalming report was not newly discovered because it was available prior to trial. It does not appear that, by this holding, the Stevens majority intended to establish a new rule that no evidence in existence prior to trial could be “newly discovered” evidence justifying a new trial, for to so hold would require overruling the four-part Drapeau test that the majority opinion expressly stated that it was applying. The Drapeau test plainly allows evidence that existed prior to trial to qualify as newly discovered evidence that could justify a new trial; otherwise, the fourth prong of the Drapeau test would be superfluous. Another decision cited by the Stevens majority, State v. Weise, 75 Idaho 404, 410, 273 P.2d 97, 100 (1954), does not hold that evidence cannot qualify as newly discovered if it existed pretrial and therefore was available. Rather, the Weise decision states that where the evidence “was known and available prior to and during the course of a trial, it is not in any sense newly discovered.” Id. (emphasis added). Thus, in order to interpret the majority decision in Stevens in a manner consistent with the authorities upon which it relies, I conclude that its holding that the embalming report was not newly discovered because it was not “unavailable” means that the report was so readily available that knowledge of it was imputed to the defense team. This interpretation is consistent with the opinion’s statement that “at most, Stevens has demonstrated that he did not recognize the importance or materiality of the Mortuary Embalming Report.” Stevens, 146 Idaho at 146, 191 P.3d at 224.
Ultimately it does not matter whether this is a correct interpretation of the Supreme Court majority’s opinion in Stevens, for regardless of the rationale by which the majority arrived at its decision, the holding is clear: the embalming report was not “newly discovered” after the trial. If it was not newly discovered after the trial, then it must have been “discovered” before or during the trial. If, as the Supreme Court majority held, the evidence was sufficiently “available” to be *423 deemed “discovered” at or before trial, then it is inconsistent for Idaho courts to reject Stevens’ claim of ineffective assistance of counsel by holding, contrariwise, that this same evidence was so obscure and unavailable that a reasonable and competent attorney would not have discovered it.
Constitutional standards of due process require, at a minimum, fundamental fairness in judicial proceedings. Ake v. Oklahoma, 470 U.S. 68, 76, 105 S.Ct. 1087, 1092-93, 84 L.Ed.2d 53, 61-62 (1985); State v. Lewis, 144 Idaho 64, 66, 156 P.3d 565, 567 (2007); State v. Green, 149 Idaho 706, 709, 239 P.3d 811, 814 (Ct.App.2010). For Idaho courts to hold, on the one hand, that Stevens was not entitled to a new trial because the embalming report was not newly discovered and, on the other hand, that he is not entitled to relief for ineffective assistance of counsel because a reasonably competent attorney would not have discovered the same evidence before trial, is an unjust and unjustifiable inconsistency. It is a flagrant “Catch 22” by which the petitioner is denied relief through Idaho courts’ resolutions of the same issue in opposite ways in successive proceedings.
As stated at the outset of this dissent, were it not for my obligation to adhere to the majority decision in Stevens, I would embrace the majority opinion here that Stevens’ defense attorneys acted reasonably and competently when they failed to discover and utilize the information in the embalming report. That was also the view of the dissenting justice in Stevens. However, the dissent’s view did not prevail in Stevens, and therefore, in my view, it must be accepted in this case that the embalming report was so readily available to defense counsel that it was “discovered” before trial. It follows that counsel must be deemed deficient for failing to examine the report and appreciate its evidentiary significance.
The remaining question in this post-conviction case is whether Stevens has sufficiently shown prejudice from this deficient performance to entitle him to relief for ineffective assistance of counsel. A showing of prejudice does not require that he demonstrate that the missed evidence, and its implications for the State’s contention that eye injuries indicated the child was shaken, would have more likely than not resulted in an acquittal. Rather, he need only show a reasonable probability that, absent counsel’s deficiency, “the factfinder would have had a reasonable doubt respecting guilt.” Strickland v. Washington, 466 U.S. 668, 695, 104 S.Ct. at 2068-69, 80 L.Ed.2d 674, 698-99 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 697-98. I believe that standard is satisfied here. As concisely stated by the dissenting opinion in Stevens, “evidence that embalming the eyes may have caused the hemorrhaging is critical evidence and could very well have caused the jury to question the State’s theory and produced an acquittal.” Stevens, 146 Idaho at 155, 191 P.3d at 233 (Trout, J. dissenting). This conclusion is bolstered by the fact that Stevens’ first trial on the murder charge ended with a hung jury.
For these reasons, I would hold that Stevens has demonstrated ineffective assistance of counsel due to his attorney’s failure to examine and utilize information in the embalming report, and that Stevens is therefore entitled to a new trial.